# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

BREEANN D. DAVIDSON,

     PLAINTIFF,

v.                                                     CIVIL ACTION NO.:

PAIN MANAGEMENT SOLUTIONS, LLC
D/B/A CLEARWAY PAIN MANAGEMENT
SOLUTIONS, LLC,

     DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Breeann D. Davidson, (hereinafter referred to as the "Plaintiff" or "Davidson"), by and through her undersigned attorney, sues the defendant, Pain Management Solutions, LLC d/b/a Clearway Pain Management Solutions, LLC, (hereinafter referred to as the "Defendant" or "Clearway"), and alleges as follows:

### *JURISDICTION AND VENUE*

1. Plaintiff brings this action to remedy discrimination on the basis of race, and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* and the Civil Rights Act of 1991, 42 U.S.C. § 1981.

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C.

§2000e-5(f).

3. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

4. All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202232460) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202200233) on December 10, 2021. The FCHR issued a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested her 90-day Notice of Right to Sue letter from the EEOC, which was received on July 18, 2022.

## *PARTIES*

5. Plaintiff is a Caucasian female and a citizen of the State of Florida and a resident of Escambia County who resides in Pensacola, Florida.

6. Defendant, Pain Management Solutions, LLC d/b/a Clearway Pain Solutions, is a pain management medical practice that is licensed to do and doing business in the State of Florida.

## *FACTS*

7. Plaintiff is a Caucasian female.

8. Plaintiff was employed by Defendant from June 14, 2021, as a medical receptionist until her unlawful termination on November 12, 2021.

9. During Plaintiff's employment with Defendant, she performed the duties and responsibilities of her position in a satisfactory manner and without incident.

10. Defendant had a "Grooming" policy.

11. This policy states that all employees will adhere to grooming standards… which includes hair color.

12. Defendant's policy states that hair colors should be natural and colors such as pink, red, purple, blue, green etc. are not permitted.

13. Plaintiff had two different "natural" hair colors.

14. Plaintiff was told by the VP of HR that while both colors are technically "natural" on their own, the manner in which Plaintiff elected to have them split would not be considered "reasonably" natural.

15. Plaintiff then complained to the VP of HR that the policy was not being enforced equally.

16. Plaintiff further complained that the enforcement of the policy was discriminatory, because there were several African American employees with pink, red, purple, blue or green hair.

17. These African American employees were not reprimanded or told to change their hair color or nor were any of them terminated for their failure to adhere to Defendant's "grooming" policy.

18. Her response was that the application of the company policy depends on an employee's particular circumstances and that enforcement of this policy with regards to Plaintiff does not rise to the level of discrimination based on a protected characteristic.

19. Plaintiff was terminated for not changing her hair color and reporting the discriminatory application and enforcement of the companies grooming policy as applied to her (Caucasian) compared with multiple African American employees with pink, red, purple, blue or green hair were not disciplined or terminated.

### FIRST CAUSE OF ACTION
*(RACE DISCRIMINATION- FEDERAL CLAIM - 42 U.S.C. § 1981)*

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 19 of this complaint with the same force and effect as if set forth herein.

21. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of 42 U.S.C. § 1981.

22. Plaintiff is a Caucasian female.

23. Plaintiff was more than qualified for the position of a medical receptionist and performed her duties and responsibilities in a more than satisfactory manner.

24. Defendant's policy states that hair colors should be natural and colors such as pink, red, purple, blue, green etc. are not permitted.

25. Plaintiff had two different "natural" hair colors.

26. Plaintiff was told she could not have two hair colors.

27. Plaintiff was treated less favorably than her African American co-workers with pink, red, purple, blue or green hair.

28. Plaintiff's employment with Defendant was terminated on November 12, 2021, for not changing her hair colors.

29. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
*(RACE RETALIATION 42 U.S.C. § 1981)*

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 19 of this complaint with the same force and effect as if set forth herein.

31. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of 42 U.S.C. §

1981.

32. Plaintiff is a Caucasian female.

33. Plaintiff was more than qualified for the position of a medical receptionist and performed her duties and responsibilities in a more than satisfactory manner.

34. Defendant's policy states that hair colors should be natural and colors such as pink, red, purple, blue, green etc. are not permitted.

35. Plaintiff had two different "natural" hair colors.

36. Plaintiff was told she could not have two hair colors.

37. Plaintiff was treated less favorably than her African American co-workers with pink, red, purple, blue or green hair.

38. Plaintiff then complained to the VP of HR that the policy was not being enforced equally.

39. Plaintiff further complained that the enforcement of the policy was discriminatory, because there were several African American employees with pink, red, purple, blue or green hair.

40. These African American employees were not reprimanded or told to change their hair color or nor were any of them terminated for their failure to adhere to Defendant's "grooming" policy.

41. Plaintiff's employment with Defendant was terminated on November

12, 2021, for not changing her hair colors and having complained of discriminatory treatment.

42. Defendant's termination of Plaintiff's employment violated the 42 U.S.C. § 1981, by retaliating against Plaintiff because she engaged in a protected activity by objecting to Defendant's discriminatory acts and being terminated within a few weeks of doing so.

43. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### THIRD CAUSE OF ACTION
*(Race Discrimination-– Title VII)*

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 19 of this complaint with the same force and effect as if set forth herein.

45. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of Title VII.

46. Plaintiff is a Caucasian female.

47. Plaintiff was more than qualified for the position of a medical receptionist and performed her duties and responsibilities in a more than satisfactory manner.

48. Defendant's policy states that hair colors should be natural and colors

such as pink, red, purple, blue, green etc. are not permitted.

49. Plaintiff had two different "natural" hair colors.

50. Plaintiff was told she could not have two hair colors.

51. Plaintiff was treated less favorably than her African American co-workers with pink, red, purple, blue or green hair.

52. Plaintiff's employment with Defendant was terminated on November 12, 2021, for not changing her hair colors.

53. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### *FOURTH CAUSE OF ACTION*
*(RACE RETALIATION - TITLE VII)*

54. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 19 of this complaint with the same force and effect as if set forth herein.

55. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of Title VII.

56. Plaintiff is a Caucasian female.

57. Plaintiff was more than qualified for the position of a medical receptionist and performed her duties and responsibilities in a more than satisfactory manner.

58. Defendant's policy states that hair colors should be natural and colors such as pink, red, purple, blue, green etc. are not permitted.

59. Plaintiff had two different "natural" hair colors.

60. Plaintiff was told she could not have two hair colors.

61. Plaintiff was treated less favorably than her African American co-workers with pink, red, purple, blue or green hair.

62. Plaintiff then complained to the VP of HR that the policy was not being enforced equally.

63. Plaintiff further complained that the enforcement of the policy was discriminatory, because there were several African American employees with pink, red, purple, blue or green hair.

64. These African American employees were not reprimanded or told to change their hair color or nor were any of them terminated for their failure to adhere to Defendant's "grooming" policy.

65. Plaintiff's employment with Defendant was terminated on November 12, 2021, for not changing her hair colors and having complained of discriminatory treatment.

66. Defendant's termination of Plaintiff's employment violated the Title VII, by retaliating against Plaintiff because she engaged in a protected activity by

objecting to Defendant's discriminatory acts and being terminated within a few weeks of doing so.

67. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of Title VII and 42 U.S.C. § 1981;

b) Enjoining and permanently restraining those violations of Title VII and 42 U.S.C. § 1981;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e)  Awarding Plaintiff Front Pay in lieu of reinstatement;

f)  Awarding Plaintiff compensatory damages;

g)  Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h)  Granting such other and further equitable or other relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: September 21, 2022.   By:  */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF**
**CLAYTON M. CONNORS, PLLC**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel: (850) 473-0401
Fax: (850) 473-1388
*Attorney for the Plaintiff*